UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 10-2377

(2:08-cv-00059-RBS-FBS)
_____


RICHARD JOHN CHARLES GALUSTIAN,

    Plaintiff - Appellant

v.

LAWRENCE T. PETER

and

JOHN J. HOLLY, USMC, retired,

    Defendants - Appellants.


UNITED STATES OF AMERICA'S MOTION TO SUBSTITUTE
AND FOR REMAND

Pursuant to Fed.R.App.P. 27 and 43, the United States of America, a correct defendant herein, moves this Court to dismiss with prejudice this action insofar as John J. Holly, USMC, retired, is named as a defendant/appellee, to substitute the United States of America for John J. Holly as a defendant/appellee in accordance

with 28 U.S.C. § 2679(d), and to remand this case back to the district court for further proceedings.

In support of this Motion, the United States alleges the following.

1. John J. Holly, USMC, retired, was named as a defendant in a Verified First Amended Complaint styled <u>Richard John Charles Galustian v. Lawrence T. Peter and John J. Holly, USMC, retired</u>, Civil Action No. 2:08cv59, filed in the United States District Court for the Eastern District of Virginia, Norfolk Division, on March 26, 2010. EDVA ECF Doc. No. 59.

2. Although he alleged that Holly was an employee of the United States Army Corps of Engineers (USACE) whose allegedly tortious act occurred in connection with his duties as a United States' employee in Iraq, Galustian never served or attempted to serve the Verified First Amended Complaint on the United States, as required by Fed.R.Civ.P. 4(i)(3). On August 16, 2010 Galustian returned an executed summons as to Holly by leaving the summons at Holly's California residence.[1] EDVA ECF Doc. No. 80.

3. Holly obtained private counsel to represent him, and on August 25, 2010 his counsel delivered all process and pleadings served on him to the USACE,

---

[1] Holly claimed in the district court that Galustian failed to effect proper service.

pursuant to 28 C.F.R. § 15.2(a). The USACE received the request and provided the United States Attorney for the Eastern District of Virginia copies of all process and proceedings, pursuant to 28 C.F.R. § 15.2(a).

4. In the meantime, Holly's private counsel filed a Motion to Dismiss on his behalf. EDVA ECF Doc. Nos. 82 & 83. This Motion was granted by United States District Judge Rebecca Beach Smith on November 9, 2010, before the USACE had completed its report pursuant to 28 C.F.R. § 15.3(a). EDVA ECF Doc. No. 91. Subsequently, the USACE completed its investigation, and on November 16, 2010, submitted to the United States Attorney for the Eastern District of Virginia its report fully addressing whether Holly was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.

5. With the district court's dismissal of the case against Holly, the request for certification became moot. On December 9, 2010, however, Galustian filed a Notice of Appeal of the district court's decision. EDVA ECF Doc. No. 93. Upon learning of the appeal, the United States Attorney reviewed the USACE's 28 C.F.R. § 15.3(a) agency report. On January 6, 2011, in accordance with 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4, the United States Attorney for the Eastern District of Virginia certified that Holly "was acting within the scope of federal office or

employment at the time of the incident out of which the plaintiff's claims arose."
Exhibit 1, attached.

6. In accordance with 28 U.S.C. § 2679(d), the above-styled action against Holly is deemed an action against the United States.

7. In accordance with 28 U.S.C. § 2679(b)(1), the remedy provided against the United States by the Federal Tort Claims Act (FTCA) precludes any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee whose act or omission allegedly gave rise to the claim.

8. Substitution of the United States for a federal employee may occur in the district court or in the court of appeals. *See Jordan v. Hudson*, 879 F.2d 98 (4th Cir. 1989). Accordingly, substitution of the United States for Holly now is appropriate.[2] This is especially true where a plaintiff, such as Galustian here, failed to timely serve the United States with the original Verified First Amended Complaint as required by Fed.R.Civ.P. 4(i)(3). *See Kurzberg v. Ashcroft*, 619 F.3d

---

[2] Given that Holly was ostensibly served on August 16, 2010, delivered all process and pleadings to the USACE on August 25, 2010, and the agency submitted its report to the United States Attorney by November 16, 2010, after the case was dismissed in the district court, the United States' certification is timely. *See Sullivan v. United States*, 21 F.3d 198, 205 (7th Cir. 1994) ("Section 2679(d)(1) . . . places no limitation on the point at which the Attorney General must certify that the employee was acting within the scope of his employment.").

176 (2nd Cir. 2010).

9. Once the United States is substituted as a defendant, the matter is most properly remanded to the district court for further proceedings, wherein the United States will assert several defenses available to it as sovereign under the FTCA. Lawsuits against the United States are barred by the doctrine of sovereign immunity unless and to the extent Congress has specifically and expressly waived that immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000) ("Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the court."); *Radin v. United States*, 699 F.2d 681, 685 (4th Cir. 1983). A court lacks subject matter jurisdiction unless there exists a clear, unequivocal waiver of sovereign immunity. *Testan*, 424 U.S. at 399; *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005); *Radin*, 699 F.2d at 685. Those defenses are properly adjudicated in the district court.

10. Pursuant to Local Rule 27(a), the other parties to the appeal have been informed of the intended filing of this motion. Defendants/appellees Peters and Holly consent to the granting of the motion. Plaintiff/appellant Galustian, who is traveling overseas, was not yet in a position to determine whether to consent to or oppose the motion.

WHEREFORE, the United States of America moves that it be substituted for defendant/appellee John J. Holly, that Holly therefore be dismissed from this action, and that this case be remanded back to the district court for further proceedings.

    Respectfully submitted,

    UNITED STATES OF AMERICA

    NEIL A. MACBRIDE
    United States Attorney

By:   /s/
    Lawrence R. Leonard
    Managing Assistant United States Attorney
    Virginia State Bar # 37995
    Attorney for the United States
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, Virginia 23510
    (757) 441-6331  Office
    (757) 441-6689  Fax
    lawrence.leonard@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

Frank Alwin Edgar, Jr.
KAUFMAN & CANOLES, PC
11817 Canon Boulevard
Newport News, VA 23606

Christopher Scott Anulewicz
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Boulevard N.W.
Atlanta, GA 30308

K. Alex Khoury
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Boulevard N.W.
Atlanta, GA 30308

Jennifer Ellis Lattimore
ECKERT SEAMANS CHERIN & MELLOTT, LLC
707 East Main Street
Richmond, VA 23219

Matthew Benjamin Kirsner
ECKERT SEAMANS CHERIN & MELLOTT, LLC
707 East Main Street
Richmond, VA 23219


Dated: January 19, 2011         /s/
                                Lawrence R. Leonard