No. 10-2377

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

RICHARD JOHN CHARLES GALUSTIAN,

Plaintiff-Appellant,

v.

LAWRENCE T. PETER and JOHN J. HOLLY, USMC, retired,

Defendants-Appellees.

_____

On Appeal from the United States District Court
for the Eastern District of Virginia (No. 2:08-cv-59)

_____

**APPELLANT'S RESPONSE TO THE UNITED STATES OF AMERICA'S
MOTION TO SUBSTITUTE AND FOR REMAND**

_____

NOW COMES appellant RICHARD JOHN CHARLES GALUSTIAN

("Galustian"), by counsel, pursuant to this Court's Order of January 20, 2011, and

in response to the Motion to Substitute and for Remand filed by the United States of America ("USA"), respectfully states as follows:

1.     This case arises out of Galustian's Verified First Amended Complaint (the "Complaint") filed against defendants/appellees Lawrence T. Peter ("Peter") and Col. John J. Holly, USMC retired ("Holly").  The Complaint contains the following three (3) Counts: Count I for Defamation against Peter, Count II for Civil Conspiracy against Peter and Holly, and Count III for a Violation of Virginia Code § 18.2-499 *et seq.* (Statutory Conspiracy) against Peter and Holly.  The central act that gives rise to the three Counts is the email publication by Peter of a forged Iraqi arrest warrant calling for the arrest of Galustian, which warrant Peter concedes he received from Holly.  (Verified First Am. Compl. ¶¶ 35–48.)

2.     In Count II, Galustian alleges that Peter and Holly "and other co-conspirators . . . agreed and combined to accomplish by concerted action the injury of Plaintiff's reputation and integrity, the misappropriation and conversion of Plaintiff's shares in [a corporation formed in Dubai known as SkyLink Arabia], and damage to Plaintiff's trade and business." (*Id.* ¶ 64.)  Galustian specifically alleges that "Holly . . . has agreed to, and committed acts in furtherance of, the conspiracy for, among other reasons, selfish interests, separate and apart from his former official governmental duties, including, but not limited to enriching himself at the expense of Plaintiff's legitimate claim to ownership interest in SkyLink

Arabia." (*Id.* ¶ 65.) Galustian also alleges that, through his actions, Holly intended to "intimidate [Galustian] to such an extent by, among other things, making him fear for his unlawful arrest, that he [Galustian] literally abandons his 10% interest in SkyLink Arabia." (*Id.* ¶ 66.)

3.      In Count III, Galustian further alleges that Peter and Holly "combined to willfully and maliciously injure Plaintiff in his reputation, trade, business and/or profession." (*Id.* ¶ 72.)

4.      In its Motion, the USA contends that Galustian's case against Holly should be deemed an action against the United States in accordance with 28 U.S.C. § 2679(d) [part of the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act)] and, thus, the USA should be substituted into the case for Holly and the entire case should be remanded to the District Court for further proceedings.   In support of its Motion, the USA submits the Certification of Neil H. MacBride, the United States Attorney for the Eastern District of Virginia (acting as the authorized agent of the United States Attorney General), pursuant to 28 U.S.C. § 2679, certifying that Holly was acting within the scope of his federal office or employment at the time of the incident out of which Galustian's claims arose.  (Mot. Ex. 1.)  The USA further notes in its Motion that once it has been substituted into the case for Holly, it will assert several defenses

available to it as sovereign under the Federal Tort Claims Act ("FTCA"), and that such defenses are properly raised and adjudicated in the District Court.

5.     In short, after certifying Holly's scope of employment, the USA seeks to insert itself into the case for Holly and then seek dismissal of Galustian's claims against Holly on sovereign immunity grounds.   Therefore, because of certain provisions of the FTCA, the US Attorney's scope-of-employment certification process ultimately could leave Galustian without any recourse against either Holly or the USA.

6.     While Galustian is not entitled to be involved in the US Attorney's initial Certification of Holly's scope of employment, that Certification "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434, 115 S. Ct. 2227, 2236 (1995).   The Westfall Act permits Galustian to challenge the Certification by presenting his objections to the District Court. *Id.*, 515 U.S. at 436, 115 S. Ct. at 2237 ("The [Westfall Act] is fairly construed to allow petitioners to present to the District Court their objections to the Attorney General's scope-of-employment certification . . . .").

WHEREFORE, appellant Richard John Charles Galustian notes his objections to the US Attorney's Certification, and respectfully requests, upon remand, an opportunity to object to the US Attorney's Certification, including

without limitation leave in the District Court to conduct discovery on the scope-of-employment issue.

                              Respectfully submitted,

                              **RICHARD JOHN CHARLES GALUSTIAN**


Dated: February 3, 2011     By:_____/s/_____
                              Frank A. Edgar Jr., Esq.
                              Virginia State Bar Number 36833
                              Attorney for Richard J.C. Galustian
                              KAUFMAN & CANOLES, P.C.
                              11817 Canon Boulevard, Suite 408
                              Newport News, Virginia 23606
                              Telephone:     (757) 873-6300
                              Facsimile:     (757) 873-6359
                              Email: faedgarjr@kaufcan.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of February 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Christopher S. Anulewicz, Esq.
K. Alex Khoury, Esq.
Attorneys for Defendant/Appellee Lawrence T. Peter
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Boulevard, N.W., Suite 700
Atlanta, Georgia 30308
Email: canulewitz@balch.com
Email: akhoury@balch.com

Matthew B. Kirsner, Esq.
Jennifer E. Lattimore, Esq.
Attorneys for Defendant/Appellee John J. Holly
ECKERT SEAMANS CHERIN & MELLOTT LLC
Eighth and Main Building, Suite 1450
707 E. Main Street
Richmond, VA 23219
Email: mkirsner@eckertseamans.com
Email: jlattimore@eckertseamans.com

and I certify that I will email and mail the foregoing by United States Mail, postage prepaid, along with a copy of the NEF to the following non-filing user:

Lawrence R. Leonard, Esq.
Managing Assistant United States Attorney
Attorney for the United States
United States Attorney's Ofice
101 West Main Street, Suite 8000
Norfolk, VA 23510
Email: Lawrence.leonard@usdoj.gov

By:＿＿＿＿＿＿＿＿＿＿*/s/*＿＿＿＿＿＿＿＿＿＿
Frank A. Edgar Jr., Esq.
Virginia State Bar Number 36833
Attorney for Richard J.C. Galustian
KAUFMAN & CANOLES, P.C.
11817 Canon Boulevard, Suite 408
Newport News, Virginia 23606
Telephone:   (757) 873-6300
Facsimile:   (757) 873-6359
Email: faedgarjr@kaufcan.com

DOCSNN-#9236223